## HOWARD v. SHERWOOD.

ARBITRAMENT — *evidence of submission.* A certificate of a county clerk, to the effect that a controversy relating to a mule was submitted to him by

agreement of the parties claiming the mule, is not evidence that the parties did so agree.

POSSESSION — *illegal award* — *evidence.* A certificate of a county clerk, to the effect that a controversy relating to a mule was submitted to him by agreement of parties, and that the property was awarded to the defendant, cannot be given in evidence to show that the possession of the defendant was lawful.

DEMAND AND REFUSAL *in replevin* — *evidence.* In an action of replevin it appeared that plaintiff demanded the property from the defendant the day before the suit was commenced, and the defendant agreed to take the property to a place named on the following day. On the following day the suit was commenced and the defendant contested it at every step. *Held,* that there was sufficient evidence of demand and refusal.

It is not necessary that a defendant in replevin should expressly refuse to comply with a demand for property. If he neglect to deliver it and contest the suit, he cannot, after verdict, be permitted to say that he intended to avoid litigation by surrendering the property before suit.

## *Appeal from District Court, Jefferson County.*

AT the trial, J. W. Mosby testified on behalf of the plaintiff, that the plaintiff demanded the property from the defendant, at Boulder, before the commencement of the suit; the defendant had the mule in his possession at that time; the mule belonged to plaintiff; the demand was made the day before this suit was commenced.

On cross-examination, the witness testified that plaintiff had possession of the mule and used it in 1865; the mule left in January or February, 1865. I next saw it in defendant's possession; plaintiff told defendant it was his mule and he had fetched a witness to prove it; plaintiff left the mule, and defendant agreed to bring it to Boulder City that evening or next day; defendant took the mule to Boulder the next day; he did not deliver it to plaintiff.

George R. Strouse testified that he knew the mule and that it belonged to plaintiff.

The defendant offered a transcript from the records of Boulder county, which consisted of a subpœna issued by James Hubbard, a justice of the peace, directed to a constable, commanding him to summon three persons named to testify concerning the description and value of certain property taken up as "estray" by defendant below. An

affidavit, by defendant below, respecting certain property taken up by him as "estray," among which was one brown mule, also the report of certain appraisers as to the value of the property taken up by defendant below; also a certificate of the county clerk of Boulder county, as follows:

"J. M. SHERWOOD  
    *v.*  } ss.  
N. M. HOWARD. )

" The above entitled cause coming on to be heard before the county clerk of Boulder county, Col. ter., this 17th day of June, A. D. 1867. By agreement of the parties to have the title of one brown mare mule branded on left shoulder with figure (5), taken up by N. M. Howard, and now claimed by Jessy Sherwood, adjusted.

"Whereupon, after hearing the evidence of both parties, it was decided against the said Sherwood, and the property in controversy was not the property of said Sherwood, and that he was not entitled to the possession thereof, but that the said N. M. Howard was entitled to the possession thereof.

" W. A. CORSON,<br>" County clerk of Boulder county, C. T."

Plaintiff objected to these papers, and the court excluded them.

Mr. Justice GORSLINE did not participate in the decision.

Mr. G. BERKLEY, Mr. G. W. CHAMBERLIN, and J. F. BOSTWICK, for appellant.

HALLETT, C. J.    Upon the trial in the court below, a transcript of the record of Boulder county, showing that upon a hearing before the clerk of that county, the property in controversy was awarded to appellant, was offered as evidence, and, upon objection by appellee, excluded from the jury.    It is contended that this paper should have been admitted for the purpose of showing that appellant's possession of the mule was lawful, and that such possession would only become unlawful upon demand made after the award made by the county clerk, and a refusal by appellant

to deliver the property. The argument is founded upon the assumption that appellee agreed with appellant to submit the matters in controversy to the decision of the county clerk. There is no evidence of any such agreement and therefore the argument fails. It is true, that it is stated in the transcript that the clerk proceeded upon the agreement of the parties, but it is not necessary to say that this is not sufficient. As there is no evidence of any authority in the clerk to decide the controversy the paper was properly excluded. There are other objections to the transcript, but it is not necessary to dwell upon them.

It is also urged that the evidence in the court below was not sufficient to show a demand and refusal. Upon this point there was evidence tending to prove that appellee demanded the property the day before the suit was commenced, and that appellant agreed to take it to Boulder the next day. In accordance with this agreement the mule was taken to Boulder on the following day, when appellee replevied it. Respecting the demand there seems to be no question, and if we connect the evidence with the acts of appellant as shown by the record, the refusal will be no less clear. When appellant arrived at Boulder on the day the suit was brought, he did not surrender the property to appellee, but, upon service of the writ, he gave bond and retained possession of it and contested the suit at every step. If he had delivered the property at that time, even if the writ had been in the hands of the officer, the controversy would have been reduced to a question of costs. Upon this point the acts of appellant are as convincing as the most positive testimony. He had the opportunity to comply with appellee's demand for the property, and he declined to accept it. If he took the property to Boulder, for the purpose of surrendering it to appellee, he could have done so, and the fact that he did not deliver it was snfficient to warrant the jury in finding that he had no intention to give it up without litigation. It is not necessary that a defendant in replevin should expressly refuse to comply with a demand for property. If he neglect to

deliver it and contest the suit, he cannot, after verdict, be permitted to say that he intended to avoid litigation by surrendering the property before suit. Other errors assigned have not been mentioned in the argument, and we think it unnecessary to notice them.

The judgment of the district court is affirmed, with costs.

*Affirmed.*